IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                    No.  10-40023-01-SAC

JUSTIN JEREMY BARKE,

        Defendant.

MEMORANDUM AND ORDER

The case comes before the court on the defendant's motion to continue status conference and jury trial.  (Dk. 26).  The defendant seeks a ninety-day continuance of the status conference and jury trial based on the complexity of the case and voluminous discovery.  The defendant's motion simply refers to an "extensive wiretap investigation," thousands of documents and multiple DVD's," and the possibility for additional discovery.  The motion also states that defense counsel was recently appointed in this case and that he still does not possess most of the discovery.

In *United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009), the court clarified and emphasized that the record must not only identify the circumstances or events offered for the continuance but it must explain how they have created the need for additional time:

> Our decisions in *Williams* and *Gonzales* indicate that the record, which includes the oral and written statements of both the district court and the moving party, must contain an explanation of why the mere occurrence of the event identified by the party as necessitating the continuance results in the need for additional time. *Williams*, 511 F.3d at 1058; *Gonzales*, 137 F.3d at 1434-35. A record consisting of only short, conclusory statements lacking in detail is insufficient. For example, it is insufficient to merely state that counsel is new and thus needs more time to adequately prepare for trial or that counsel or witnesses will be out of town in the weeks preceding trial and therefore more time is needed to prepare for trial. *Williams*, 511 F.3d at 1058; *Gonzales*, 137 F.3d at 1434-35. Simply identifying an event, and adding the conclusory statement that the event requires more time for counsel to prepare, is not enough. *Williams*, 511 F.3d at 1058; *Gonzales*, 137 F.3d at 1434-35.

*Toombs*, 574 F.3d at 1271-72 (footnote omitted). This level of detail demanded in *Toombs* is not found in the defendant's motion here. The motion does little more than identify generally certain events and circumstances and conclude that more time is needed. The court needs to be informed of the specific circumstances showing that without the requested ninety days for a continuance then movant would be denied "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). Such information should include a general, but meaningful, description of the nature, relevance and importance of the discovery record and "the nature of the further investigation allegedly required." *See Toombs*, 574 F.3d at

1272.  The details and specifics provided in this information must show why the particular request of time is necessary and reasonable.  The court should be equipped with enough to say that the time requested is consistent with the exercise of due diligence.

The court appreciates that this required detail is more than what had been the practice before this court prior to *Toombs*.  Nonetheless, the Tenth Circuit in *Toombs* is emphatic that "conclusory statements" are inadequate and that a court should be so informed as to balance the specific circumstances surrounding the identified event and to assess the reasonableness of the claimed need for additional time.  574 F.3d at 1273.

The defendant's motion does provide sufficient reasons that can be balanced as to justify a thirty-day continuance based on counsel's recent appointment to the case, his failure to possess much of the discovery in this case, and the "extensive" wiretap discovery record.  Based on obvious nature of these reasons, the court finds the defendant's counsel would need an additional thirty days to prepare his defense.  The court finds that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy

trial. A longer continuance request, however, cannot be granted without more detail and discussion as required by *Toombs* and noted above.

IT IS THEREFORE ORDERED that the defendant's motion to continue status conference and jury trial (Dk. 26) is granted in part for thirty days and that the ends of justice served by granting this thirty-day continuance outweigh the best interests of the public and the defendant in a speedy trial pursuant to 18 U.S.C. § 3161(h)(7)(A).

Dated this 26th day of May, 2010, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge